UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernice L. James, | ) Misc. No: 3:09-161-CMC-BM |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Michael J. Astrue, Commissioner of Social Security. | ) |
| Defendant. | ) |

This filer is employed by the Social Security Administration in Columbia, South Carolina. She apparently wants to file a civil lawsuit in this Court, but is not yet ready to do so, as she has filed a *pro se* motion for an extension of time to "submit my civil action in U.S. District Court. My request is due to an on the job injury (9/30/09) that caused me to be out of work for approximately 5 weeks." She also alleges there has been a delay in the processing of her "OWCP claim", and that her daughter was sick which did not allow her to prepare her case.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* motion pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). Pro se matters are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district



1

court is charged with liberally construing a filing made by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the motion submitted by the filer cannot be granted by this Court. *Cf. Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

First, the filer has provided this Court with no authority showing this Court has the power to grant such a motion when a case has itself not even been filed. Further, a review of the motion shows that the filer apparently wishes to pursue a claim under The Federal Employees Compensation Act (FECA), which establishes a comprehensive and exclusive workers' compensation scheme for federal employees. The Act provides that "[t]he United States shall pay compensation ... for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty ...." 5 U.S.C. § 8102(a). Congress amended the Act in 1949 to provide that FECA is the federal employee's exclusive remedy against the federal government for on-the-job injuries, and that "the liability of the United States ... with respect to injury or death of an employee is exclusive and instead of all other liability of the United States ...." Id. § 8116(c). Section 8116(c) of FECA was "designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity," *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983); and "[i]n enacting this provision, Congress adopted the principal compromise ... commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." Id. at 194.



2

The Secretary of Labor has the authority to administer and decide all questions under FECA and may prescribe rules and regulations necessary for the enforcement of the Act. 5 U.S.C. §§ 8145, 8149. The Secretary has delegated responsibility for administering FECA to the Director of OWCP. 20 C.F.R. § 10.1. Once a claim is filed with OWCP, it considers the claim and issues a decision with findings of fact. Id. § 10.125. After receiving a final decision, a claimant may appeal OWCP's decision to the ECAB. 5 U.S.C. § 8149; 20 C.F.R. § 501.3. Significantly, Section 8128(b) of FECA provides that the federal courts do not have jurisdiction to review FECA claims challenging the merits of benefit determinations. The action of the Secretary or his designee in allowing or denying a payment under this subchapter is: (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court of mandamus or otherwise. 5 U.S.C. § 8128(b).

This "language is clear and its meaning unmistakable: Federal courts have no jurisdiction to review final judgments of the Secretary of Labor and his officers in these statutory matters, regardless of whether other, more general, statutes might seem to grant such jurisdiction." *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 281 (9th Cir.1988). The Supreme Court has singled out section 8128(b) as a model preclusion-of-review statute, noting that Congress uses such "unambiguous and comprehensive" language "when [it] intends to bar judicial review altogether." *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 779-80 & n. 13, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). Consequently, since this Court has no jurisdiction over a FECA claim, this Court would also have no authority to grant an extension of time to file a case over which it has no jurisdiction.

Therefore, this motion for an extension of time to file a civil action must be dismissed. See 5 U.S.C. §§ 8128(b), 8116(c).

3

## RECOMMENDATION

Accordingly, it is recommended that the Court deny and dismiss the motion in the above-captioned matter. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B).

Bristow Marchant
United States Magistrate Judge

January 12, 2010

Charleston, South Carolina

**_The filer's attention is directed to the important notice on the next page._**

4



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

