**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Vernice L. James, | ) C/A No. 3:09-161-CMC-BM |
| Plaintiff, | ) |
| v. | ) **OPINION & ORDER DENYING MOTION FOR EXTENSION OF TIME** |
| Michael J. Astrue, Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff, an employee of the Social Security Administration proceeding *pro se*, has filed a motion for extension of time to file a civil action in this court. Although Plaintiff does not specify her anticipated cause of action, her motion refers to an "OWCP claim," which may indicate that Plaintiff intends to seek judicial review of a decision of the United States Department of Labor's Office of Workers' Compensation Programs ("OWCP"). *See* Dkt. No. 1. The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C., and filed on January 13, 2010. Dkt. No. 8.

The Report recommends that the court deny Plaintiff's motion for two reasons: (1) Plaintiff has offered no legal authority to support the proposition that the court may extend the deadline for filing a complaint through such a motion; and (2) the court lacks jurisdiction to review a final decision of the OWCP brought under the Federal Employees' Compensation Act ("FECA"). Dkt. No. 8 at 2-3. No objections to the Report have been filed, and the time for doing so has expired.[1]

---

[1] The Clerk of Court mailed the Report to Plaintiff on January 13, 2010. One week later, on January 20, 2010, the United States Postal Service returned the mailing to the court marked undeliverable. *See* Dkt. No. 1-1 (listing Plaintiff's street address); Dkt. No. 11 (indicating that mail

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

After reviewing the record, the applicable law, and the findings and recommendations of the Magistrate Judge, the court finds no clear error. Accordingly, the Report is adopted and incorporated by reference. For the reasons set forth therein, Plaintiff's motion is denied.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 5, 2010

---

from the United States District Court to Plaintiff's physical address was returned because there is "no such [street] number."). However, the mailing sent to Plaintiff's post office box has not been returned. Accordingly, the court presumes that the mailing to Plaintiff's post office box was received and that Plaintiff was therefore aware of the deadline for submitting objections. *See Bosiger v. US Airways, Inc.*, 510 F.3d 442, 452 (4th Cir. 2007).